IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.

JOSEPH HARDING

_____/

**SEALED INDICTMENT**

1:22CR32-AW/MAL

THE GRAND JURY CHARGES:

## COUNTS ONE AND TWO

### A. INTRODUCTION

At all times material to this Indictment:

1. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. As part of this effort, the SBA enabled and provided for loans directly, and through banks, credit unions, and other lenders.

3. A response to the COVID-19 outbreak was an expansion of an existing disaster-related program – the Economic Injury Disaster Loan ("EIDL") – to provide for loan assistance (including $10,000 advances) for small businesses



and other eligible entities for loans up to $2 million. The EIDL proceeds could have been used to pay fixed debts, payroll, accounts payable, and other bills that could have been paid had the disaster not occurred; however, such loan proceeds were not intended to replace lost sales or profits, or for the expansion of a business.

4.  Unlike certain other types of SBA-guaranteed loans, EIDL funds were issued directly from the United States Treasury, and applicants applied for EIDL funds directly through the SBA via an online portal and application. The EIDL application process, which also used certain outside contractors for system support, collected information concerning the business and the business owner, including information about the gross revenues for the business prior to January 31, 2020, and the cost of goods sold. Applicants electronically certified that the information provided was true and accurate and were warned that any false statement or misrepresentation to the SBA, or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

5.  EIDL applications were received in and processed using computer servers located in the states of Iowa, Virginia, and Washington. EIDL disbursement payments were initiated by the SBA using computer servers located in the state of Colorado, which transmitted the payment information to the Treasury using computer servers located in the state of Virginia.

## B. THE CHARGE

Between on or about December 1, 2020, and on or about March 1, 2021, in the Northern District of Florida and elsewhere, the defendant,

## JOSEPH HARDING,

did knowingly and willfully devise, and intend to devise, a scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, did cause a wire communication to be transmitted in interstate commerce.

## C. SCHEME TO DEFRAUD

It was part of the scheme to defraud that:

1. **JOSEPH HARDING** made and caused to be made false and fraudulent representations in SBA EIDL loan applications and in supporting loan documents submitted to the SBA in the names of dormant business entities, namely, The Vak Shack Inc. and Harding Farms LLC, in order to and in an attempt to falsely qualify for SBA EIDL loans.

2. **JOSEPH HARDING** specifically attempted to cause and caused the SBA to issue SBA EIDL loans, and to disburse SBA EIDL loan proceeds to him based upon loan applications, loan documents, and emails that falsely represented the number of employees and gross revenues for The Vak Shack Inc. and Harding

3

Farms LLC. Further, **HARDING** falsely represented that these business entities were active businesses during 2019 and 2020 when in fact they were not.

3.  **JOSEPH HARDING** knowingly obtained fraudulently-created bank statements for Harding Farms LLC for September 2020 and October 2020 which were used as supporting documentation for his fraudulent EIDL loan application.

4.  On or about the day that he submitted his false and fraudulent EIDL loan applications to the SBA for The Vak Shack Inc. and Harding Farms LLC, **JOSEPH HARDING** opened bank accounts at J.P. Morgan Chase Bank ("Chase") for The Vak Shack Inc. and Harding Farms LLC. In his false and fraudulent EIDL loan applications, **JOSEPH HARDING** directed the SBA to deposit the loan proceeds into these newly-opened bank accounts.

5.  **JOSEPH HARDING** electronically mailed and submitted, and caused to be electronically mailed and submitted, false and fraudulent documentation to the SBA in support of the EIDL loan applications.

6.  Just days before he submitted his false and fraudulent SBA EIDL loan application to the SBA for The Vak Shack Inc., and on the day that he submitted his false and fraudulent SBA EIDL loan application to the SBA for Harding Farms LLC, **JOSEPH HARDING** filed 2020 Florida Limited Liability Company Reinstatements for The Vak Shack Inc. and Harding Farms LLC with the State of

Florida Department of State Division of Corporations in order to make it appear that The Vak Shack Inc. and Harding Farms LLC had been active businesses.

7.     **JOSEPH HARDING** communicated, via email and telephone, with the SBA about the false and fraudulent EIDL loan applications and their status, and the funding of such loans.

8.     By this conduct, **JOSEPH HARDING** fraudulently obtained and attempted to obtain more than $150,000 in funds from the SBA to which he was not entitled.

## D. EXECUTION OF THE SCHEME

On or about the following dates, for the purpose of executing and attempting to execute the scheme to defraud, the defendant,

**JOSEPH HARDING,**

knowingly did cause wire communications to be transmitted in interstate commerce, as set forth below:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| One | Between on or about December 18, 2020, and on or about December 21, 2020 | Submission of an EIDL application for The Vak Shack Inc. to the SBA |
| Two | Between on or about December 18, 2020, and on or about December 21, 2020 | Submission of an EIDL application and supporting documentation for Harding Farms LLC to the SBA |

In violation of Title 18, United States Code, Sections 1343 and 2.

5

## COUNTS THREE AND FOUR

### A. INTRODUCTION

The allegations of Sections A and C of Counts One and Two are hereby realleged and incorporated by reference as if fully set forth herein.

### B. THE CHARGE

Between on or about December 21, 2020, and on or about March 1, 2021, in the Northern District of Florida and elsewhere, the defendant,

**JOSEPH HARDING,**

did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, namely, the withdrawal, deposit, and transfer of funds and monetary instruments, as identified below, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Counts One and Two of this Indictment:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| Three | On or about January 5, 2021 | Transfer of $30,000 from Chase account ending in 1365 to Chase account ending in 3103 |
| Four | On or about February 3, 2021 | Transfer of $15,235.93 from Chase account ending in 1365 to Chase account ending in 8513 |

6

In violation of Title 18, United States Code, Section 1957 and 2.

## COUNT FIVE

### A. INTRODUCTION

The allegations of Sections A and C of Counts One and Two are hereby realleged and incorporated by reference as if fully set forth herein.

### B. THE CHARGE

On or about December 18, 2020, in the Northern District of Florida and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the SBA's administration of its EIDL program, the defendant,

**JOSEPH HARDING,**

did knowingly and willfully falsify a material fact; make materially false, fictitious, and fraudulent statements and representations; and make and use a false document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, to wit, the defendant falsely stated in an SBA EIDL application that he submitted to the SBA to obtain EIDL funds that:

    a.    The Vak Shack Inc. had gross revenues of $420,874.00 for the twelve months prior to January 31, 2020, the date of the disaster (namely, the COVID-19 pandemic),

  b. The Vak Shack Inc. had Costs of Goods Sold of $32,998.00 for the twelve months prior to January 31, 2020, the date of the disaster (namely, the COVID-19 pandemic),

  c. The Vak Shack Inc. had four employees, and

  d. the information and supporting documentation submitted with the SBA EIDL application was true and correct,

whereas, in truth and in fact, and as the defendant well knew:

  a. The Vak Shack Inc. had been a dormant business entity with the Florida Department of State Division of Corporations between on or about May 2017 and on or about December 16, 2020, and therefore, had no gross revenues for the twelve months prior to January 31, 2020, the date of the disaster (namely, the COVID-19 pandemic),

  b. The Vak Shack Inc. had no business activity in years 2019 or 2020; and therefore, had no revenues or Costs of Goods Sold in years 2019 or 2020,

  c. The Vak Shack Inc. had no employees, and

  d. the information and supporting documentation submitted with the SBA EIDL application for The Vak Shack Inc. was false.

In violation of Title 18, United States Code, Section 1001(a).

## COUNT SIX

### A. INTRODUCTION

The allegations of Sections A and C of Counts One and Two are hereby realleged and incorporated by reference as if fully set forth herein.

### B. THE CHARGE

On or about December 18, 2020, in the Northern District of Florida and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the SBA's administration of its EIDL program, the defendant,

### JOSEPH HARDING,

did knowingly and willfully falsify a material fact; make materially false, fictitious, and fraudulent statements and representations; and make and use a false document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, to wit, the defendant falsely stated in an SBA EIDL application that he submitted to the SBA to obtain EIDL funds that:

    a.    Harding Farms LLC had gross revenues of $392,000.00 for the twelve months prior to January 31, 2020, the date of the disaster (namely, the COVID-19 pandemic),

    b.    Harding Farms LLC had two employees, and

9

  c. the information and supporting documentation submitted with the SBA EIDL application was true and correct,

whereas, in truth and in fact, and as the defendant well knew:

  a. Harding Farms LLC had been a dormant business entity with the Florida Department of State Division of Corporations between on or about May 2017 and on or about December 18, 2020, and therefore, had no gross revenues for the twelve months prior to January 31, 2020, the date of the disaster (namely, the COVID-19 pandemic),

  b. Harding Farms LLC had no employees, and

  c. the information and supporting documentation submitted with the SBA EIDL application for Harding Farms LLC was false.

In violation of Title 18, United States Code, Section 1001(a).

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. From his engagement in the violations alleged in Counts One through Four of this Indictment, the defendant,

**JOSEPH HARDING,**

shall forfeit to the United States of America:

(A)     pursuant to Title 18, United States Code, Section 982(a)(2), and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as alleged in Counts One and Two of this Indictment, any and all of the Defendant's right, title, and interest in any property, real and personal, constituting and derived from proceeds traceable to such offense;

(B)     pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957, as alleged in Counts Three and Four of this Indictment, any and all of the Defendant's right, title, and interest in any property, real and personal, involved in such offense, and any property traceable to such property.

The United States will also seek a forfeiture money judgment in an amount that is equal to the value of any property, real or personal, which: 1) constitutes or is derived from proceeds traceable to these offenses, and 2) is involved in such offenses and any property traceable to such property.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendant:

      i.     cannot be located upon the exercise of due diligence;

      ii.    has been transferred, sold to, or deposited with a third party;

      iii.   has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

███████████████

FOREPERSON

12/6/2022

DATE

JASON R. COODY
United States Attorney

JUSTIN M. KEEN
Assistant United States Attorney

DAVID BYRON
Assistant United States Attorney