IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:22cr32-AW/MAL

JOSEPH HARDING

_____/

## STATEMENT OF FACTS

The parties agree with the truthfulness of the following factual basis for the Defendant's guilty plea. The undersigned parties further agree that not all of the facts known from this investigation are contained in this brief summary. Defendant admits that, if this case were to proceed to trial, the Government could prove the facts, which if believed by the jury, would result in a conviction:

On or about December 18, 2020, while in the Northern District of Florida, Joseph Harding ("HARDING"), applied for an Economic Injury Disaster Loan ("EIDL") in the name of THE VAK SHACK INC ("VAK SHACK"). HARDING made materially false statements when he submitted this application. For example, the VAK SHACK did not have any business activity during 2019 or 2020, and HARDING knew that this business entity had been dormant during that time. However, in his EIDL application, HARDING falsely stated that the VAK SHACK had gross revenues of $420,874.00 for the twelve months prior to the date of the disaster (January 31, 2020) and that it had four employees as of January 31, 2020.

1

Filed in Open Court
3-21-2023
Clerk, U.S. District Court
Northern District of Florida

Based on the false information provided by HARDING, which was relied upon by the SBA in determining EIDL eligibility and the loan amount, the VAK SHACK received an EIDL in the amount of $150,000.00.

Harding's EIDL application, which was submitted from Florida, was received by and processed using computer servers located outside of Florida, and the EIDL disbursement payment was initiated by the SBA using computer servers located outside of Florida, which transmitted the payment information to the United States Treasury using computer servers located outside of Florida.

During January and February of 2021, after receiving the EIDL proceeds from the SBA for the VAK SHACK, HARDING conducted a monetary transaction (which involved more than $10,000 in fraudulently obtained EIDL funds from the SBA) totaling $56,437.42, as follows:

- On January 5, 2021, HARDING transferred $30,000 from VAK SHACK Chase Bank Account ending in 1365 to his joint Chase Bank account 3103;

- On January 20, 2021, HARDING paid $11,201.49 from VAK SHACK Chase Bank Account ending in 1365 to a Chase credit card ending in 5444; and

- On February 3, 2021, HARDING transferred $15,235.93 from VAK SHACK Chase Bank Account ending in 1365 into the SHILOH OIL COMPANY, LLC Chase Bank account ending in 8513.

On or about February 25, 2021, HARDING gave a non-custodial, recorded interview with federal investigators in which he admitted that the VAK SHACK EIDL application contained false information in order to obtain the loan. Shortly after his interview with investigators, HARDING repaid $50,000.00 of the VAK SHACK EIDL. Then, on or about April 9, 2021, HARDING made an additional payment of $99,000.00 to complete the repayment of the VAK SHACK EIDL.

## ELEMENTS OF THE OFFENSE

i. **Wire Fraud - 18 U.S.C. § 1343 (Count 1)**

Elements to be proven beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;
(2) the false pretenses, representations, or promises were about a material fact;
(3) the Defendant acted with the intent to defraud; and
(4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

11th Circuit Pattern Jury Instructions § O51.

ii. **Money Laundering - 18 U.S.C. § 1957 (Count 3)**

Elements to be proven beyond a reasonable doubt:

(1) the Defendant knowingly engaged or attempted to engage in a monetary transaction;
(2) the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;
(3) the property had a value of more than $10,000;

3

(4) the property was in fact proceeds of Wire Fraud; and

(5) the transaction took place in the United States.

11th Circuit Pattern Jury Instructions § O74.6.

### iii. False Statements - 18 U.S.C. § 1001 (Count 5)

Elements to be proven beyond a reasonable doubt:

(1) The Defendant made the statement or made or used the document, as charged;

(2) The statement or document was false;

(3) The falsity concerned a material matter;

(4) The Defendant acted willfully, knowing that the statement or document was false; and

(5) The false statement or false document was made or used for a matter within the jurisdiction of a department or agency of the United States.

11th Circuit Pattern Jury Instructions § O36.

|  |  |
|---|---|
| _____<br>Peggy-Anne O'Connor<br>Attorney for Defendant<br><br>MAR 21, 2023<br>Date<br><br>_____<br>Joseph Harding<br>Defendant<br>3/21/23<br>Date | JASON R. COODY<br>United States Attorney<br><br>for: _____ FL BAR #0105777<br>Justin M. Keen<br>Florida Bar No. 021034<br>Assistant United States Attorney<br>Northern District of Florida<br>111 North Adams Street, 4th Floor<br>Tallahassee, FL 32301<br>850-942-8430<br>Justin.Keen@usdoj.gov<br><br>3/21/2023<br>Date |

4