IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO.   1:22cr32-AW/MAL

JOSEPH HARDING
_____/

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

In his supplemental objection to the Presentence Investigation Report (ECF No. 41) and in his sentencing memorandum (ECF No. 46 at 37-42), Harding objects to the loss calculation in the PSR. The Government submits this supplemental memorandum to specifically address those objections.

I. **REPAYING THE SBA LOAN DOES NOT PRECLUDE INCLUDING IT IN LOSS CALCULATIONS**

Harding argues that "Mr. Harding caused no loss because Mr. Harding repaid the full amount of the loan before any criminal charges were brought." ECF No. 46 at 41. It is true that the text of the Sentencing Guidelines does not specifically define "loss" in the context of a government benefit program. However, the definition of "loss" in such cases is not ambiguous—common sense dictates that "loss" in government benefit program cases can include amounts diverted from their intended use or to unqualified recipients. This is particularly true as there is a finite pool of program funds available for qualified recipients.

1

When an unqualified recipient fraudulently acquires such funds, it erodes the mission and purpose of the government benefit program in that the number of qualified recipients who can obtain such benefits is reduced.

However, if the Court believes that the definition of "loss" is ambiguous in this regard, consideration of the guideline commentary would be permissible. *Compare United States v. Smith*, 79 F.4th 790, 792 (6th Cir. 2023) *and United States v. You*, 74 F.4th 378 (2023) *to United States v. Banks*, 55 F.4th 246 (2022). The applicable commentary to § 2B1.1 provides that "[in] a case involving government benefits (e.g., grants, loans, entitlement program payments), loss shall be considered to be not less than the value of the benefits obtained by unintended recipients or diverted to unintended uses, as the case may be." U.S.S.G. § 2B1.1, comment. (n.3(F)(ii)). Where none of the government benefit program money goes towards the intended purposes of the program, such as to unqualified recipients, then "loss" includes the value of those benefits. *United States v. Arteaga*, 713 F. App'x 933, 936 (11th Cir. 2017); *see also United States v. Fard*, 805 F. App'x 618, 620 (11th Cir. 2020). In a case involving a company fraudulently receiving an SBA contract based on misrepresentations that the company met the necessary federal standards to be considered "a small business," the defendants objected to their calculated loss amounts because *inter alia* there was no actual harm to or loss sustained by the government. *United States v. Blanchet*, 518 F. App'x 932, 955

(11th Cir. 2013). In affirming the district court's finding that the value of the contract was properly considered the "loss" in that case, the *Blanchet* court relied on U.S.S.G. § 2B1.1, comment. (n.3(F)(ii)) and other circuit precedent. *Id.* (citing *United States v. Maxwell*, 579 F.3d 1282, 1302 (11th Cir. 2009) (rejecting defendant's claim that he did not deprive the government of money or property, because, in the end, the government received the work they sought through a contract)).

  II.  **HARDING'S ORIGINAL INTENT TO REPAY THE LOAN DOES NOT PRECLUDE INCLUDING THE PROCEEDS THAT HE RECEIVED IN LOSS CALCULATIONS**

  Harding also objects to the loss calculations in the PSR because he "always intended to pay the loan back," ECF No. 41 at 2, and "always treated the loan as a bona fide loan to be repaid." ECF No. 46 at 42, 44. This is analogous to objections raised by the *Blanchet* defendants who claimed that "they did not have intent to harm, as they intended for the terms of the contract to be fully and satisfactorily performed." *Blanchet*, 518 F. App'x at 955. That objection was rejected by the sentencing court—and on appeal—for the reasoning that "[b]y defrauding the government to obtain the contract, the [d]efendants prevented the government from awarding the contract to a legitimate small business, and therefore, deprived other small businesses of the ability to obtain this contract." *Id.* at 957. Harding's

3

objection to including the EIDL proceeds that he received and intended to receive in his loss calculation is similarly without merit.

Additionally, in a case involving a fraudulent scheme to obtain construction contracts set aside for socially and economically disadvantaged companies as part of a federal benefit program, the defendant objected to a loss calculation that included the contract value because the government received the value of the contracted work. *Maxwell*, 579 F.3d at 1305. In rejecting that argument, the Eleventh Circuit held that regardless of the quality or cost of the work, "the appropriate amount of loss [was] the entire value of the…contracts that were diverted to the unintended recipient [*i.e.*, the defendant's business]." *Id*. at 1306. Here, regardless of Harding's intent to repay the EIDL to the SBA, he still defrauded a federal government benefit program—one intended to help qualified small businesses in the wake of the COVID-19 pandemic—by diverting funds which were meant for *qualified* small businesses. This is why the PSR correctly includes the $150,000 EIDL proceeds that Harding received in the loss calculations.

### III.   CONCLUSION

Loss calculations, here, should include both the actual loss that Harding caused (the $150,000 EIDL proceeds that he received for The Vak Shack) and the

EIDL proceeds that he unsuccessfully attempted to receive (at least $1 for Harding Farms). Thus, the PSR loss calculations are correct. PSR at ¶ 32.

Respectfully submitted,

JASON R. COODY
United States Attorney

*/s/ Justin M. Keen*
JUSTIN M. KEEN
Assistant United States Attorney
Florida Bar Number: 021034
111 North Adams Street, Fourth Floor
Tallahassee, FL 32301
Justin.Keen@usdoj.gov
(850) 942-8430

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I HEREBY CERTIFY that this memorandum complies with the type-volume limitation of Local Rule 7.1(F) because this pleading contains approximately 1,036 words.

*/s/ Justin M. Keen*
JUSTIN M. KEEN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the Court's CM/ECF system on this 16th day of October, 2023, which will send notification of such filing to all counsel of record.

*/s/ Justin M. Keen*
JUSTIN M. KEEN
Assistant United States Attorney